IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Criminal No. ELH-19-0115 |
| GARY HORTON, | * |
| | * |
| Defendant | * |
| | * |

## GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY

The United States of America, by and through its undersigned attorneys, respectfully submits this Notice of Supplemental Authority for the Court's consideration.

Counsel for the government recently conferred with counsel for Defendant Gary Horton concerning the expected scope of the motions hearing scheduled for July 9, 2021. Based on those discussions, counsel for the government anticipates that one of the issues on which the Defendant will focus will be the Defendant's argument that evidence should be suppressed because Baltimore County investigators were acting outside of their jurisdictional limits when they conducted part of their investigation in Baltimore City. See Defendant's Motion to Suppress Wiretap Evidence, ECF No. 113, at 10-11. Relying on Section 2-102 of the Criminal Procedure Article and Section 5-802 of the Criminal Law Article, the Defendant suggests that because Baltimore County investigators did not notify Baltimore City's "Police Commissioner or the Police Commissioner's designee" of this investigation, all information and evidence should be suppressed. Because this issue will likely be the subject of argument during the motions hearing, the government respectfully identifies the following authority for the Court in support of its position that the Defendant's motion to suppress should be denied:

1

- **Miller v. State**, 824 A.2d 1017, 1023 (Md. Ct. Spec. App. 2003).

    "[E]ven if the officers did not have authority under § 2-102 of the Maryland Criminal Procedure Article to arrest appellant, the court had no legal basis upon which to suppress the evidence obtained from that arrest.  Maryland does not have an independent exclusionary rule, Howell v. State, 483 A.2d 780 (1984), nor does § 2-102 create one.

    That section does not require the suppression of any evidence obtained in violation of it. … Indeed, § 2-102 was intended not to control or limit police activity, but to enhance and expand it.  Its purpose, as stated in the legislative summary of its senate progenitor, was to 'foster greater efficiency and cooperation among law enforcement officers in fighting crime on a multi-jurisdictional level.'  Limited Extrajurisdictional Authority for Police Officers, 1993 Leg. (Md. 1993) (summary of S.B. 344).  We therefore conclude that § 2-102 does not require, by either its terms or its history, the suppression of evidence as a sanction for the failure to comply with its provisions."

- **Brown v. State**, 837 A.2d 956, 975-76 (Md. Ct. Spec. App. 2003).

    Applying Miller v. State to Article 27, Section 594B, the predecessor to Section 2-102, and holding that "even assuming, *arguendo*, that the provisions of [the statute] were not complied with, the sanction for noncompliance would not be the suppression of evidence."

- **Wood v. State**, 7 A.3d 1115, 1126 (Md. Ct. Spec. App. 2010).

    "Although it would be easy for us to hold that we see no violation of Maryland Code, Criminal Procedure Article, §§ 1-203 or 2-102, once again we decline to do so.  Even if, purely *arguendo*, either or both of those statutory provisions had been violated, that would not have affected Judge Ross's ruling at the suppression hearing in any way.  The only operational exclusionary rule that we can conceive of as having any applicability to this case would be that of Mapp v. Ohio for a violation of the federal Fourth Amendment. The appellant has not persuaded us how a violation of either §§ 1-203 or 2-102 of the Maryland Code would be a constitutional violation of the Fourth Amendment."

          Respectfully Submitted,

          Jonathan F. Lenzner
          Acting United States Attorney

By:      /s/
          Jeffrey M. Hann
          Special Assistant United States Attorney

          Anatoly Smolkin
          Assistant United States Attorney

> United States Attorney's Office
> 36 South Charles Street, 4th Floor
> Baltimore, MD 21202
> (410) 209-4800 (telephone)
> (410) 962-0717 (facsimile)
> Jeffrey.Hann@usdoj.gov
> Anatoly.Smolkin@usdoj.gov