

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Jeffrey M. Hann*
*Special Assistant United States Attorney*
*Jeffrey.Hann@usdoj.gov*

*Mailing Address:*
*36 S. Charles Street, 4th Floor*
*Baltimore, MD 21201*

*Office Location:*
*36 S. Charles Street, 4th Floor*
*Baltimore, MD 21201*

*DIRECT: 410-209-4813*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

July 15, 2021

Julie M. Reamy, Esq.
115 W. Saratoga Street
Baltimore, Maryland 21201

FILED U.S. DISTRICT COURT DISTRICT OF MARYLAND 2021 JUL 23 PM 12:56 CLERK'S OFFICE AT BALTIMORE BY ___ DEPUTY

    Re:    United States v. Gary Horton, Criminal No. ELH-19-0115

Dear Counsel:

    This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Gary Horton (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by this Office's close of business on July 19, 2021, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense(s) of Conviction

    1.    The Defendant agrees to plead guilty to Count 1 and Count 12 of the Indictment now pending against him in United States v. Justin Akonom et Al, Criminal No. ELH-19-0115 (D. Md.) (hereinafter the "**Drug Conspiracy Case**"), which charge the Defendant with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of Cocaine, a quantity of a mixture or substance containing a detectable amount of heroin, and a quantity of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 846 (Count 1) and with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g) (Count 12). The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

    2.    The Defendant also agrees to plead guilty to Violation #1, pending against him in United States v. Gary Horton, Criminal No. RDB-11-00547 (D. Md) (hereinafter the "**VOSR Case**") charging him with violating the terms of his supervised release, in violation of 18 U.S.C. § 3583(e). The Defendant admits that the Defendant is, in fact, guilty of the violation(s) and will so advise the Court.

### Elements of the Offense(s)

    3.    The elements of the offense(s) to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

**As to Count 1** – That on or about the time alleged in the Indictment, in the District of Maryland, the Defendant:

    a. Knowingly, intentionally, and willfully agreed with one or more persons to distribute, or possess with intent to distribute 500 grams or more of a mixture or substance containing a detectible amount of cocaine, a Schedule II controlled substance, a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a quantity of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance;

    b. The participation by the Defendant was knowing and voluntary, that is, not by accident or mistake; and

    c. The amount involved in the conspiracy attributable to the Defendant, as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of cocaine, a quantity of a mixture or substance containing a detectable amount of heroin, and a quantity of a mixture or substance containing a detectable amount of marijuana.

**As to Count 12** – That on or about the time alleged in the Indictment, in the District of Maryland, the Defendant:

    a. Knowingly possessed a firearm—as that term is defined in 18 U.S.C. § 921(a)(3)—as charged in the Indictment;

    b. The Defendant possessed the firearm in or affecting commerce;

    c. Prior to November 15, 2018, the Defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

    d. The Defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

**As to the Violation of Supervised Release** – 18 U.S.C. § 3583(e): That at or about the time charged in the Petition, in the District of Maryland, the Defendant:

    a. Was subject to a judgment that imposed conditions on him during the period of supervised release; and

    b. The Defendant knowingly violated one or more of the conditions imposed.

Penalties

4. The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

a. For the **Drug Conspiracy Case:**

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 21 U.S.C. § 846 | 5 years | 40 years | 5 year maximum; 4 year mandatory minimum | $5,000,000 | $100 |
| 12 | 18 U.S.C. § 922(g) | N/A | 10 years | 3 years | $250,000 | $100 |

b. For the **VOSR Case**, the maximum sentence for the Violation is 2 years of imprisonment pursuant to 18 U.S.C. 3583(e)(3) because the Defendant's underlying conviction, a violation of 18 U.S.C. § 1962(d), was a Class C felony under 18 U.S.C. § 3559(a)(3).

c. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

d. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

e. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

f. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

g. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

h. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant

3

exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Waiver of Rights

5. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

   a. If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

   d. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

   e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

   f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts

4

of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

7. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

    a. **With respect to Count 1**, this Office and the Defendant further agree that the applicable **base offense level is 24** pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 2D1.1(c)(8) to account for a foreseeable drug quantity of at least 100 kilograms but less than 400 kilograms of Converted Drug Weight. This is derived from approximate net weight quantities to include 1,138.249 grams of cocaine, 34.01 grams of ketamine, 29.55 grams of MDMA, and 3.81 grams of fentanyl. The parties further agree that **2 levels** are added pursuant to U.S.S.G. § 2D1.1(b)(1) because a dangerous weapon was possessed. The adjusted offense level for Count 1 is **26**.

5

        b.     **With respect to Count 12**, this Office and the Defendant further agree that the applicable **base offense level is 24** pursuant to U.S.S.G. § 2K2.1(a)(2), because the Defendant has previously been convicted of two felony controlled substance offense. The parties agree that the offense level is increased by **2 levels** pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because between 3 and 7 firearms were possessed. The adjusted offense level for Count 12 is **26**.

        c.     Pursuant to U.S.S.G. §§ 3D1.2(d), Count 1 and Count 12 are grouped. Pursuant to U.S.S.G. §§ 3D1.3(b), the offense level applicable to the Group is **level 26**.

        d.     **With respect to the VOSR Case**, this Office and the Defendant stipulate and agree that the applicable Guidelines range is ~~35 to 41~~ **24 months** of imprisonment pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 7B1.4 because the Defendant's violation constitutes a Grade A violation and he previously had a Criminal History Category of VI.

        e.     This Office does not oppose a **2-level reduction** in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

    8.     There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

    9.     Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

Rule 11(c)(1)(C) Plea

    10.    The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a total sentence of **between 60 months and 84 months** of imprisonment as to both the **Drug Conspiracy Case** and the **VOSR Case**, in the custody of the Bureau of Prisons is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). The Government will defer to the Court as to the appropriate sentence for the violation in the **VOSR case**, and the parties agree that it may run concurrently with the sentence for Counts

1 and 12 of the **Drug Conspiracy Case**. This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea

## Obligations of the Parties

11.  At the time of sentencing, this Office and the Defendant will request that the Court sentence the Defendant to a total sentence of **between 60 months and 84 months** of imprisonment. This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Waiver of Appeal

12.  In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

   a.  The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

   b.  The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

   (i)  The Defendant reserves the right to appeal the sentence of imprisonment if the total term of imprisonment **exceeds 84 months**; and

   (ii)  This Office reserves the right to appeal the sentence of imprisonment if the total term of imprisonment is below a statutory minimum.

c.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Public Benefits in Drug Cases

13.  The Defendant understands and acknowledges that under 21 U.S.C. §§ 862 and 862a, a person who has been convicted of a federal offense involving the distribution or possession of controlled substances may be denied certain federal and state benefits such as loans, grants, or food stamps.

### Forfeiture

14.  The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

15.  Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

   a.  One .357 caliber Smith and Wesson revolver, serial number CZJ7160;
   b.  One 9mm Taurus semi-automatic pistol, serial number TJX52839;
   c.  One Bushmaster XM15e2S AR-15 rifle, serial number BFI463312;
   d.  One .40 caliber Glock model 23 semi-automatic pistol, serial number LEZ570;
   e.  One 9mm Glock model semi-automatic pistol, serial number BGCM433; and
   f.  Approximately $5,000 recovered at 103 W. Conway Street.

16.  The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

17.  The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of

the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

18.     The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Defendant's Conduct Prior to Sentencing and Breach

19.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

20.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

21.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

22. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Jonathan F. Lenzner
Acting United States Attorney

*Jeffrey M. Hann*
Jeffrey M. Hann
Special Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

7-15-21
Date

_____
Gary Horton

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

7/15/21
Date

_____
Julie Reamy, Esq.

10

# ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

On or about September 17, 2012, the defendant, Gary Horton pled guilty in the United States District Court for the District of Maryland to a RICO conspiracy, in violation of 18 U.S.C. § 1962(d). He was sentenced on January 2, 2013 to 36 months of imprisonment, to be followed by 5 years of supervised release. Subsequently on June 8, 2016 he was sentenced to an additional 18 months of imprisonment, to be followed by 39 months of supervised release based on a violation of the terms of his supervised release. The judgment ordered that while he was on supervised release, the defendant was not permitted to commit any federal, state, or local crime. After serving his sentence of imprisonment, the defendant's supervision commenced on or about June 29, 2017 and was not scheduled to expire in the ordinary course until September 7, 2019.

During the fall in 2018 members of the Baltimore County Police Department, Homeland Security Investigations, and the Drug Enforcement Administration worked in partnership to investigate narcotics trafficking activity occurring in and around Baltimore County and Baltimore City, in the District of Maryland. On September 21, 2018 the investigators obtained authorization from the Honorable Judge D. Robinson of the Circuit Court of Baltimore County to intercept wire and electronic communications from several cellular phones associated with coconspirators engaged in trafficking suspected heroin and cocaine. Investigators learned that one of the coconspirators, identified as the Defendant, Gary Horton, was involved in the distribution of narcotics to various other conspirators throughout October and November of 2018. As part of their investigation, investigators conducted court-authorized wiretaps of two of the Defendant's cell phones. Intercepted calls show that the Defendant discussed buying suspected kilogram quantities of heroin with another coconspirator, and during several of these calls, the Defendant would report back to the coconspirator about the quality of the product he had purchased. In addition, coconspirators were observed going to and from the Defendant's residence, located at 103 W. Conway Street.

On November 15, 2018 several search and seizure warrants were executed at locations linked to members of the conspiracy, including 103 W. Conway Street, the Defendant's residence. Inside of 103 W. Conway Street, investigators recovered approximately 1,677 grams of cocaine, approximately 31 grams of heroin, and approximately 2,321 grams of Marijuana. Investigators also found bags with green chunks of an unknown substance, vials of suspected THC oil, and HGH (human growth hormone). They also found cutting agents, including Inosital, Mannitol, and Quinine, as well as a money counter and a kilogram press. Finally, investigators found a Bushmaster XM15e2S AR-15 rifle, .357 caliber Smith and Wesson revolver, a Taurus 9mm semi-automatic pistol, a .40 caliber Glock semi-automatic pistol, and a 9mm Glock semi-automatic pistol.

Several other search and seizure warrants were executed in parallel with the search described above. Additional quantities of suspected cocaine, heroin, and other narcotics were also recovered at addresses associated with other coconspirators.

The parties stipulate and agree that the drugs recovered from the Defendant's residence were in fact cocaine, heroin, and marijuana, and that they were intended for distribution. The parties stipulate and agree that the amount of narcotics reasonably foreseeable to the Defendant, Gary Horton, as part of the overall conspiracy was between 100 kilograms and 400 kilograms of Converted Drug Weight, and that the cocaine, heroin, and marijuana were intended for distribution.

The parties stipulate and agree that at the time of the possession of the firearms, the Defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that he knew he had been convicted of the prohibiting crime, and that his civil rights related to the possession of a firearms had not been restored.

The parties further stipulate that the recovered firearms were in or affecting interstate commerce because they had been manufactured outside the State of Maryland, and that all the firearms meet the definition of a firearm pursuant to 18 U.S.C. § 921.

All events occurred in the District of Maryland.

SO STIPULATED:

_____
Jeffrey M. Hann
Special Assistant United States Attorney

_____
Gary Horton
Defendant

_____
Julie Reamy, Esq.
Counsel for Defendant